### BAILEY v. MILES.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

TRIAL—PREFERRED CALENDAR—LACHES.

Failure of plaintiff to notice his cause for the first term after issue is not laches defeating his right to move to place the cause on the preferred calendar under rule 6 for the regulation of trial terms.

Appeal from trial term, New York county.

Action by William E. Bailey against Percy W. Miles. From an order denying plaintiff's motion to place cause on the preferred calendar, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Leopold Leo, for appellant.

INGRAHAM, J. The action was upon an instrument in writing whereby the defendant assigned to the plaintiff $5,000 "of whatever sum I shall receive or be entitled to out of the estate of the late George Ledger." The case was at issue August 1, 1899, but does not seem to have been noticed for the October term. It was, however, noticed for the November term; and a motion was noticed for the first day of that term by the plaintiff, under rule 6 of the special rules for the trial terms of the supreme court in the First judicial district, to place the cause upon the preferred calendar. In opposition to this notice an affidavit was presented stating that the defendant was in Europe; that the action could not be tried in less than a half day; that the defendant was a material, necessary witness on his own behalf. The motion was denied by the court upon the ground that the plaintiff had been guilty of laches in applying for preference. The question as to whether or not the action could be disposed of in two hours, or whether the cause should be placed upon the preferred calendar in the absence of the defendant, was not disposed of by the court. We think the learned judge erred in holding that there was laches which defeated the plaintiff's right to move to place the cause upon the preferred calendar under the rule. There is nothing in the practice which requires a party to notice his cause for trial for the first term after it shall be at issue, or imposing any penalty upon the plaintiff for a failure to so notice it. The defendant could have noticed the cause for the October term, and it might be that if the cause had been so noticed by the defendant, and the plaintiff had desired a preference, he should have made his motion for the first day of such term. The omission to notice the cause for the October term did not justify the court in refusing to consider the application of the plaintiff, and determine whether the case came within the provision of rule 6.

The order should be reversed, with $10 costs and disbursements, and the motion remitted to the trial term, to be determined upon the merits. All concur.